SUMMARY ORDER

Petitioner Chuan Hui Tong, a native and citizen of the People’s Republic of China, seeks review of a January 15, 2008 order of the BIA denying his motion to reopen. In re Chuan Hui Tong, No. A070 889 119 (B.I.A. Jan. 15, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this ease.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Tong’s untimely motion to reopen.
Tong argues that the BIA erred in concluding that he failed to demonstrate either material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his prima facie eligibility for relief. However, these arguments fail where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Further, there is nothing in the BIA’s decision compelling the conclusion that it failed to take into account all of Tong’s evidence as we “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.” See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006).
Tong asserts that the BIA erred in failing to address whether a 1988-2007 fíne schedule in the record indicated that he would be subject to excessive fines amounting to persecution. However, the fine schedule does not indicate that country conditions have materially changed or that such fines would amount to persecution for an individual in Tong’s economic circumstances. See Guan Shan Liao v. U.S. Dep’t. of Justice, 293 F.3d 61, 70 (2d Cir.2002). Contrary to Tong’s assertion that the BIA applied the wrong standard in finding that he failed to demonstrate his prima facie eligibility for relief, there is no indication that the BIA applied other than the prima facie standard. See 8 C.F.R. *99 § 1003.2; INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
Finally, The BIA’s determination that Tong was ineligible to file a successive asylum application was also not in error. See Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-59 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).